```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON

                          PORTLAND DIVISION

GREGORY JAY RUNNING WOLF,                              CV. 11-367-MO

            Petitioner,                           OPINION AND ORDER
     v.

JEFFREY THOMAS,

            Respondent.



     GREGORY JAY RUNNING WOLF
     #05479-046
     Federal Correctional Institution
     P.O. Box 5000
     Sheridan, OR  97378

          Pro Se Petitioner


     DWIGHT C. HOLTON
     United States Attorney
     RONALD K. SILVER
     Assistant United States Attorney
     1000 SW Third Avenue, Suite 600
     Portland, OR  97204-2902

          Attorneys for Respondent



1 - OPINION AND ORDER
```

MOSMAN, District Judge.

Petitioner, an inmate at FCI Sheridan, brings this action pursuant to 28 U.S.C. § 2241. Under a liberal construction of the *pro se* petition, Petitioner alleges the Bureau of Prisons (BOP) Program Statements defining which inmates are eligible for early release eligibility after completing the Residential Drug Abuse Program ("RDAP") are invalid and inconsistent with the intended application of 28 C.F.R. § 550.53. Petitioner asks the Court to award him early release as he successfully completed RDAP on June 16, 2011. (#17.) Because the Court does not have jurisdiction to review individualized determinations relating to RDAP, and because Petitioner has not shown the BOP exceeded its authority under the governing statute or violated federal law, the Petition for Writ of Habeas Corpus (#2) is DENIED.

## BACKGROUND

In 18 U.S.C. §§ 3621-3625, Congress vested the Bureau of Prisons ("BOP") with broad authority to manage the imprisonment of a convicted person, and specified "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). Congress articulated a specific statutory mandate for residential substance abuse treatment programs for "eligible prisoners," defined as one who is "(i) determined by the Bureau of Prisons to have a substance abuse

2 - OPINION AND ORDER

problem, and (ii) willing to participate in a residential substance abuse treatment program[.]"  18 U.S.C. § 3621(e)(5)(B).  The program the BOP created to satisfy this mandate is the Residential Drug Abuse Program ("RDAP").  Section 3621(e)(2) provides for a discretionary early release incentive for inmates convicted of non-violent offenses who successfully complete RDAP.[1]

The regulations governing RDAP and the associated early release incentive are found at 28 C.F.R. §§ 550.53-550.57 (2009). Section 550.55(b)(5) specifies inmates are ineligible for early release if they have a current felony conviction for:

> (i) An offense that has an element, the actual, attempted, or threatened use of physical force against the person or property of another;
>
> ***
>
> (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another[.]

The BOP's internal agency guidelines for the administration of the early release incentive are found in Program Statement P5331.02 (Early Release Procedures) and P5162.05 (Categorization of

---

[1]Section 3621(e)(2)(B) specifies:
 Incentive for prisoners' successful completion of treatment program.--
  (B) Period of custody.--  *The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP]*, but such reduction may not be more than one year from the term the prisoner must otherwise serve.  (Emphasis added.)

3 - OPINION AND ORDER

Offenses)(3/16/2009). The categorization of offenses lists offenses which are considered crimes of violence in all cases (section 3), and those which are precluding offenses at the BOP Director's discretion (section 4).

On August 21, 2008, Petitioner was found guilty in the District Court of Montana of Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 1153(a) and 113(a)(6). (#13, at 6.) On March 9, 2009, Petitioner was sentenced to 57 months imprisonment, followed by three years of supervised release. (#14, Attach. 2.) Petitioner requested an interview for RDAP on May 12, 2009, while incarcerated at the BOP institution in Victorville, California. (*Id.*, at 3.) He was interviewed and deemed qualified to participate in RDAP on September 11, 2009, and placed on the waiting list. (*Id.*, at 3 and Attach. 3.)

In December 2009, an Offense Review conducted by legal staff at the Designation and Sentence Computation Center ("DSCC") found Petitioner was ineligible for early release pursuant to 28 C.F.R. §§ 550.55(b)(5)(i) and (b)(5)(iii), as well as Program Statement 5162.05 Sections 3.a and 4.c, based on his conviction for Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 1153(a) and 113(a)(6), both precluding offenses. (*Id.* at 3-4.) In conducting the Offense Review, DSCC staff found Ninth Circuit decisions that invalidated certain RDAP early release regulations in effect prior to March 16, 2009, did not apply to Petitioner's

4 - OPINION AND ORDER

case because his current conviction did not involve the carrying, possession, or use of a firearm or any other dangerous weapon, and precluding prior offenses were not at issue.[2] (*Id*. at 5.)

Respondent argues the petition should be dismissed because the court lacks jurisdiction to review individualized determinations relating to early release. (#13, at 2 and 7-10.) Respondent also argues the denial of early release is consistent with the regulations, and neither *Arrington* nor *Crickon* apply to this case. (*Id*. at 2, and 10-14.) Petitioner contends he is entitled to early release because his conviction is for neither aggravated assault nor sexual assault. (#17.)

## DISCUSSION

In 18 U.S.C. § 3625 Congress specified that the provisions for judicial review under §§ 701-706 of the Administrative Procedures Act ("APA") "do not apply to the making of any determinations, decision, or order" under § 3621.[3] Courts thus do not have

---

[2]*Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008) invalidated 28 C.F.R. § 550.58(a)(1)(vi)(B)(2000) that denied early release eligibility to felons with a current conviction involving the carrying, possession, or use of a firearm or any other dangerous weapon. *Crickon v. Thomas*, 579 F.3d 978 (9th Cir. 2009), invalidated 28 C.F.R. § 550.58(a)(1)(iv)(2000) that denied early release eligibility to felons with certain prior convictions.

[3]Section 3625, titled "Inapplicability of the Administrative Procedures Act", specifies:

> The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the

5 - OPINION AND ORDER

jurisdiction to review individualized determinations pertaining to RDAP. *Reeb v. Thomas*, 636 F.3d 1224, 1227-28 (9th Cir. 2011). The determination that Petitioner is not eligible for early release is an individualized determination based on his offense of conviction.

Moreover, under the governing statute the BOP has broad discretion in the administration of RDAP, and the discretionary nature of the associated early release incentive is well established. *Lopez v. Davis*, 531 U.S. 230, 241 (2001) (BOP "has the authority, but not the duty ... to reduce [the] term of imprisonment" under 18 U.S.C. § 3621(e)(2)(B)); *Reeb v. Thomas*, 636 F.3d 1224, 1229 n.4 (no liberty interest in RDAP participation or early release incentive); *Jacks v. Crabtree*, 114 F.3d at 986 n.4. (9th Cir. 1997)(BOP has discretion to promulgate regulations that categorically deny early release eligibility to certain categories of inmates); *Downey v. Crabtree*, 100 F.3d 662, 670 (9th Cir. 1996) (statute reflects "unequivocal congressional intent to leave to the Bureau final decisions regarding whether to grant eligible inmates a sentence reduction"). Courts may not order the BOP to grant entry to RDAP, nor may they order the BOP to grant early release. *Tapia v. United States*, 131 S.Ct. 2382, 2390-91 (2011)("[w]hen a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over . . . the treatment programs

---

making of any determination, decision, or order under this subchapter.

(if any) in which he may participate, §§ 3621(e), (f); § 3624(f)."); *Downey*, 100 F.3d at 670-71 (whether to grant early release remains within BOP's discretion).

Because Petitioner is challenging an individualized early release eligibility determination, the Court lacks jurisdiction to review his claim. Furthermore, the BOP has the authority under the governing statute to limit eligibility for the early release incentive to non-violent offenders, and Petitioner has not shown the BOP's action denying him early release exceeded its statutory authority or violated federal law.

## **CONCLUSION**

The Court lacks jurisdiction to review Petitioner's claim, and Petitioner has not shown the BOP exceeded its statutory authority or violated federal law. Accordingly, the Petition for Writ of Habeas Corpus (#2) is DISMISSED, with prejudice. The Clerk is directed to mail a copy of this order and the accompanying judgment to Petitioner.

IT IS SO ORDERED.

DATED this  14th  day of October, 2011.

                                         /s/ Michael W. Mosman
                                         Michael W. Mosman
                                         United States District Judge